UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHANNON BRUCE MORLEY,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>CORRECTIONS OFFICER LESTER WHITMORE,<br><br>　　　　　　　　　Defendant, | NO:  13-CV-0046 -TOR<br><br>ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS,* DISMISSING ACTION AND DENYING PENDING MOTIONS AS MOOT |

　　　　By Order filed February 28, 2013, the Court directed Mr. Morley, then a *pro se* prisoner at the Okanogan County Jail, to show cause why his case should not be dismissed as precluded under 28 U.S.C. § 1915(g).  Mr. Morley has filed at least three prior cases which were dismissed as frivolous or for failure to state a claim, including *Morley v. Thomas et al.,* CS-02-310-CI; *Morley v. Spokane County Jail et al.,* CV-04-5047-LRS; and *Morley v. Department of Corrections et al.,* CV-04-5092-LRS.  The Court found his complaint that he was "threatened to a serious injury" if a certain correctional officer continued to dispense medications was insufficient to show imminent danger of a serious physical injury.

ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* . . . -- 1

On March 8, 2013, Plaintiff submitted a document titled, "Motion to Show Noncompliance to Grievance Procedure by Okanogan County Jail, Plaintiff Requests Preliminary Injunction and Shows He is Under Imminent Danger of Serious Physical Injury." ECF No. 8. Plaintiff subsequently notified the Court of his transfers to the Spokane County Jail on March 29, 2013, ECF No. 11, and then to the Washington Corrections Center in Shelton, Washington on April 15, 2013, ECF No. 12. Plaintiff's request for injunctive relief against a Defendant at the Okanogan County Jail is rendered moot by his transfer to another facility. *See Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1990); *Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995).

Liberally construing Plaintiff's submissions, he has failed to show cause why he should be allowed to proceed *in forma pauperis* in this action. He asserts that a corrections officer, who is allegedly "incompetent and untrained so the risk of getting the wrong medications is relevant," continues to dispense medications. According to Plaintiff's submission on February 27, 2013, ECF No. 8, this correctional officer issued the wrong medication on January 13, 2013, which made Plaintiff sleep for 14 hours and left him groggy, with headaches and disorientation. These assertions are insufficient to demonstrate an imminent danger of serious physical injury. Therefore, Plaintiff may not proceed *in forma pauperis* under 28 U.S.C. § 1915(g).

Although granted the opportunity to do so, Plaintiff did not pay the $350.00 filing fee in order to commence this action. Therefore, **IT IS ORDERED** Plaintiff's application to proceed *in forma pauperis* is **DENIED** and the Complaint is **DISMISSED** for failure to comply with the filing fee requirements of 28 U.S.C. § 1914. **IT IS FURTHER OREDERED** all pending motions are **DENIED as moot.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, enter judgment, forward a copy to Plaintiff at his last known address and close the file. The Court certifies any appeal of this dismissal would not be taken in good faith.

**DATED** April 24, 2013.



  THOMAS O. RICE
United States District Judge